

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00101-CR
_____

PHILLIP MICHAEL NUNEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 32289CR

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

In 2019, Phillip Michael Nunez pled guilty, pursuant to a plea bargain agreement, to aggravated assault on a family member with a deadly weapon,[1] the adjudication of his guilt was deferred, and he was placed on deferred adjudication community supervision for ten years. Two and one-half years later, the State filed a motion to revoke Nunez's community supervision and for a final adjudication of his guilt. After a final hearing, in which Nunez pled true to one of the State's allegations, the trial court found four of the State's allegations true, revoked Nunez's community supervision, adjudicated his guilt, and sentenced him to thirty years' imprisonment. This appeal followed.

Nunez's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Nunez's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Nunez with a copy of the brief and the motion to withdraw. His counsel also informed Nunez of his right to review the record and to file a pro se response. On June 28,

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(b)(1) (Supp.).

2022, we notified Nunez that his pro se response was due on or before July 28, 2022. Also, by letter dated August 10, 2022, we notified Nunez that the case would be submitted on briefs on August 31, 2022. We have not received a pro se response from Nunez.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). "However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, No. 06-22-00001-CR, 2022 WL 3403437, at *1 (Tex. App.—Texarkana Aug. 17, 2022, no pet. h.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). In this case, the judgment adjudicating guilt has an entry under "Plea to Motion to Adjudicate" that recites "TRUE TO PARAGRAPH 5; NOT TRUE TO PARAGRAPHS 1, 6, AND 7." However, the record shows that Nunez pled "true" to paragraph 6 and "not true" to paragraphs 1, 5, and 7. Consequently, we will modify the judgment adjudicating guilt by changing the recited entry under "Plea to Motion to Adjudicate" to "TRUE TO PARAGRAPH 6; NOT TRUE TO PARAGRAPHS 1, 5, AND 7."

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738. Thus, we affirm the trial court's judgment, as modified.[2]

Charles van Cleef
Justice

Date Submitted:     August 31, 2022
Date Decided:      September 16, 2022

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.